Kela Tennis, Inc. v City of Mount Vernon (2026 NY Slip Op 00121)

Kela Tennis, Inc. v City of Mount Vernon

2026 NY Slip Op 00121

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2020-06838
 (Index No. 59091/18)

[*1]Kela Tennis, Inc., appellant, 
vCity of Mount Vernon, respondent, et al., defendants.

Keane & Beane P.C., White Plains, NY (James W. Borkowski and Andrew P. Tureaud of counsel), for appellant.
Oxman Law Group, PLLC (Marc S. Oxman, Julie Pechersky Plitt, and Harris Beach Murtha Cullina PLLC, White Plains, NY [Brian D. Ginsberg], of counsel), for respondent.
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated September 2, 2020. The order denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action to recover damages for breach of contract and breach of the covenant of good faith and fair dealing and dismissing the answer with affirmative defenses and counterclaims of the defendant City of Mount Vernon and granted the, in effect, application of the defendant City of Mount Vernon for leave to amend its answer to assert an additional affirmative defense.

DECISION & ORDER
Motion by the defendant City of Mount Vernon to dismiss the appeal on the ground that the right of direct appeal from the order terminated upon entry of the amended judgment in the action. By decision and order on motion of this Court dated September 8, 2025, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeal is dismissed, without costs or disbursements.
The appeal must be dismissed because the right of direct appeal from the order terminated with the entry of the amended judgment in the action (see Matter of Aho , 39 NY2d 241, 248).
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court